**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.:  1:13-cv-00040-RBJ-KMT

ROXANNE COVILLO,

       Plaintiff,

v.

FARMERS GROUP, INC., A/K/A FARMERS INSURANCE COMPANY AND FARMERS
GROUP, INC. EMPLOYEES' PENSION PLAN,

Defendants.

_____

**CIVIL CASE SCHEDULING ORDER IN AN ERISA ACTION**
_____


**1.  DATE OF CONFERENCE
AND APPEARANCES OF COUNSEL AND PRO SE PARTIES**

    A Scheduling Conference is set for April 10, 2013 at 8:30 a.m. in

Courtroom A 902 before Judge R. Brooke Jackson.  The parties will be represented at

the conference by the following counsel:

| | |
|---|---|
| Michael S. Krieger | David R. Hammond |
| Michael S. Krieger, LLC | Davis Graham & Stubbs LLP |
| 165 South Union Boulevard, #555 | 1550 Seventeenth Street, Suite 500 |
| Lakewood, Colorado  80228 | Denver, Colorado  80202 |
| 303-781-5559 | 303-892-9400 |
| m.krieger@comcast.net | david.hammond@dgslaw.com |
| | |
| Attorney for Plaintiff | Attorney for Defendants Farmers Group, Inc., a/k/a Farmers Insurance Company and Farmers Group, Inc. Employees' Pension Plan (collectively, "Farmers") |

2425697.2

## 2.  STATEMENT OF JURISDICTION

Subject matter jurisdiction is based upon 29 U.S.C. § 1132(e)(i).

## 3.  STATEMENT OF CLAIMS AND DEFENSES

*Plaintiff:*    Plaintiff was an insurance claims adjustor and, later, a claims supervisor, employed by Defendant Farmers Group, Inc. ("Farmers").  She is nearly 48 years old.  She was employed in Colorado and actually worked for Farmers from Nov. 13, 2000, to Sept. 27, 2010.   She developed severe, intractable migraine headaches and Farmers accommodated her medical impairments for a few years until she felt she was coerced to stop working at the recommendation of her physician.   Farmers terminated her employment explicitly because of her medical condition on Aug 8, 2012.  Plaintiff was granted short term disability benefits, which are *not* in dispute.   As an employee of Farmers, Plaintiff was also covered by two forms of long term disability plans, one insured by Liberty Mutual and the other a retirement plan with a disability provision, thru an entity called the Farmers Group, Inc., Employees' Pension Plan ("Pension Plan"), who is a named Defendant.

Plaintiff applied for disability benefits under both the Liberty Mutual LTD plan and the Pension Plan.  Liberty Mutual granted LTD benefits; the Pension Plan denied disability benefits by way of a letter dated October 26, 2011.

Plaintiff applied for Social Security disability benefits, which were also granted on May 26, 2012.  The Pension Plan was placed on notice of the SSA's fully favorable decision and the decision of Liberty Mutual.   The Pension Plan definition of disability is:

"a physical or mental condition that totally prevents you from *performing the normal and*

*customary activities associated with your occupation or any similar occupation*

*based on a medical examination by a doctor or clinic appointed by the Plan*

*Administrator*".


In any event, Plaintiff appealed the Pension Plan's decision and the Pension Plan

upheld its decision denying benefits.   Administrative remedies were exhausted.

Claimant has the support of her two treating physicians with respect to her

disability claims.   She takes several medications, both prophylactic and abortive, to

control her migraines headaches and suffers serious side effects from these

medications.   Plaintiff also uses oxygen as an abortive measure.  Defendants do not

appear to have performed any medical review or analysis of the medical record.

Plaintiff contends that the applicable standard of review in this case is *de novo*

for two reasons.  Assuming that there is actual discretionary authority conferred by the

Pension Plan documents, C.R.S. 10-3-1116 voids any "discretionary authority" clause

and imposes a *de novo* standard of review.  Second, there are many procedural

irregularities that are serious enough to dial-back the administrative discretion, if any,

reserved in the Plan documents.

Finally, Plaintiff seeks a *per diem* regulatory penalty under 29 CFR 2560.503-1

as the Pension Plan has failed to respond fully to a request for information made on July

21, 2012.

      b.     Defendant(s):

Roxanne Covillo worked for Farmers[1] Insurance Exchange, most recently as a special claims liability representative, from November 13, 2000 until September 27, 2010, when she began a medical leave of absence. She received short-term disability benefits until March 25, 2011. She was granted long-term disability benefits for the period of March 29, 2011 through March 28, 2013, and that grant was recently extended so that she will continue to receive those benefits, assuming she remains eligible, through March 24, 2032. Her employment was terminated effective August 8, 2013 because her medical condition, at that time, prevented her from returning to work.

On September 17, 2011, Covillo made a claim for benefits under defendant Farmers Group, Inc. Employees' Pension Plan (the "Plan"). The plaintiff incorrectly describes the Plan as a disability benefits plan that provides benefits to disabled employees. In fact, disability benefits are provided under separate short-term and long-term disability benefit plans, and the plaintiff acknowledges that she applied for and received benefits under those plans. The Plan, as its name indicates, is a pension plan that provides retirement benefits. The plaintiff sought an award of retirement benefits under the Plan pursuant to a provision that permits eligible employees to receive benefits before normal retirement age if they are "disabled" within the meaning of the Plan.

---

[1] The company's name is spelled without an apostrophe, *i.e.*, it is not "Farmer's."

In support of her application for retirement benefits, the plaintiff submitted a medical evaluation from her treating physician.  That evaluation did not state that plaintiff's condition was such that she should be considered effectively retired from work and, therefore, eligible for benefits at an earlier age under a pension plan. Instead, the plaintiff's treating physician stated that plaintiff's "disability" was not a permanent condition and that the plaintiff "may respond to treatment."

Accordingly, the Plan's administrator advised the plaintiff, by letter on October 26, 2011, that she did not qualify for retirement benefits under the Plan's disability retirement provision.  In the letter, the administrator also advised the plaintiff of her appeal rights and invited her to submit additional medical evidence in support of her application.  The plaintiff, however, did not submit any additional evidence in support of her appeal.  Although the Plan administrator arranged for a doctor to conduct an independent review, the plaintiff refused to pay the copying costs necessary to obtain her medical records from her physicians.  The would-be independent reviewer then informed the Plan's administrator that, without the plaintiff's medical records, an independent review could not be conducted.

The Plan's administrator then denied the Plaintiff's appeal on the same grounds that it had denied the original application.

1.      First Claim for Relief – Denial of Benefits

The plaintiff's claim that her application was wrongfully denied is without merit. As the Plan's administrator explained in the letter denying the original application and the appeal, the plaintiff was not "disabled" within the meaning of the Plan's disability

retirement provision.  In doing so, the administrator properly exercised its discretion under the Plan, and its decision was not arbitrary and capricious.

In addition to damages and relief under ERISA, the plaintiff appears to be seeking damages and other relief relating to the denial of benefits pursuant to C.R.S. § 10-3-1116(1) (Compl. at ¶ 26).  However, both Colorado and federal courts have ruled that ERISA preempts that Colorado statutory provision.

Any award of damages and/or grant of injunctive relief must take into account the fact that the plaintiff was receiving, and will continue to receive through March 24, 2032 if she remains eligible, long-term disability benefits which would have been reduced if the plaintiff had been contemporaneously receiving retirement benefits under the Plan.

In addition, any award of benefits or injunctive relief must take into account the Plan's provision that, in the event plaintiff's condition improved so that she was no longer disabled, a Plan participant would no longer be entitled to receive retirement benefits.  Because that provision provides that the Plan Administrator can require an examination of a participant every six months, someone who becomes eligible for benefits under the retirement provision is only assured of receiving six months of benefits before normal retirement age.  Although the Court should affirm the administrator's determination that the plaintiff was not eligible, in the event that the Court does not, Farmers will ask to supplement the record to include evidence that the plaintiff became ineligible after she applied for benefits.

2.      Second Claim for Relief – Production of Records

The plaintiff's claim pursuant to 29 C.F.R. § 2560.503-1 is also without merit

because the defendants provided all relevant documents as required by the applicable

regulations.

In the event that the Court decides to award per diem damages on this claim,

the daily penalty should be far less than the maximum penalty of $110 per day sought

by plaintiff because any delay in production was minimal, there was no harm to the

plaintiff resulting from any violation, and Farmers acted in good faith.

In addition, with regard to both claims for relief, the defendants assert the

defenses of failure to state a claim upon which relief can be granted, statutory

limitations, waiver and estoppel, proper exercise of discretion, contradiction by

plaintitff's claims of the Plan's terms and provisions, limitation of benefits under the

terms of the Plan, the doctrines of payment and setoff, inapplicability under the facts of

this case of awards for pre- and post-judgment interest, preemption, and the

inapplicability of state statutes relied upon by plaintiff.

## 4.  COMPUTATION OF DAMAGES

a.      Plaintiff:  The Pension Plan requires payment of approximately $1024 per

month to Plaintiff for the full period of her disability.  She claims entitlement from April

1, 2011 to the present, a period currently of 24 months.  There appears to be no offset

for SSDI benefits in the Summary Plan Description or the Restatement.  If Plaintiff is

correct, her back-due Pension Plan disability benefit is $1024 x 24 = $24,576.

Plaintiff also seeks attorney fees and costs and regulatory per diem penalties at $110 per day from Aug 21, 2012 to the present.

b.      Defendants:  Farmers does not seek an award of damages, although it requests an award of its attorney fees, costs, and such other relief as the Court may deem proper.

## 5.  CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 6.  CASE PLAN AND SCHEDULE

**Standard of Review**:  The parties disagree as to the applicable standard of review.

Plaintiff:  Plaintiff contends that the applicable standard of review in this case is *de novo* for two reasons.  Assuming that there is actual discretionary authority conferred by the Pension Plan documents, C.R.S. 10-3-1116[2] voids any "discretionary authority" clause and imposes a *de novo* standard of review.  Second, there are many procedural irregularities that are serious enough to dial-back the administrative discretion, if any, reserved in the Plan documents.

---

[2] Plaintiff contends: CRS 10-3-1116 was effective 5 Aug 2008. The Summary Plan Description of the Pension Plan is effective Jan 1, 2009.  CRS 10-3-1116 provides for a jury trial & "double damages" – which Plaintiff does not seek.

Defendant contends that C.R.S. § 10-3-1116 was enacted after the Plan was adopted.

Defendants:  The arbitrary and capricious standard applies here because the plan reserved discretion to the Plan's administrator to determine eligibility for benefits.

Although plaintiff contends that, by operation of C.R.C. § 10-3-1116(2) and (3), the Plan's provision providing discretionary authority is void, and instead, that a *de novo* standard applies, the Colorado statutory provisions do not apply to Plaintiff's claim.  *First*, ERISA's Savings Clause, as narrowed by the Deemer Clause, does not protect C.R.S. § 10-3-1116(2) and (3) from preemption.  *Second*, the Colorado legislature, in adopting C.R.S. § 10-3-1116, intended that the statute would regulate insurance plans but not pension plans such as the Plan at issue here.

The plaintiff also erroneously contends that the arbitrary and capricious standard should be "dialed back" because, without specifying the exact issues, procedural irregularities existed.  Farmers denies that allegation and will show that the arbitrary and capricious standard applies, without modification, to this case.

**Administrative Record:**

The parties disagree as to the contents of the administrative record.

Plaintiff:  Plaintiff contends that the Defendants have yet to provide the administrative record or the entire claims file requested by Plaintiff on July 21, 2012. The administrative record consists of all documents "relevant to" Plaintiff's claim. ***29 C.F.R. § 2560-503-1(j)(3).***  Documents is considered "relevant to" a claim decision if such document (i) was relied upon in making the benefit determination; (ii) was submitted, considered, or generated in the course of making the benefit determination, without regard to whether such document was relied upon in making the benefit

determination; (iii) demonstrates compliance with the administrative process and safeguards required pursuant to paragraph (b)(5) of this section in making the benefit determination; or (iv) in the case of a group health plan or a plan providing disability benefits, constitutes a statement of policy or guidance with respect to the plan concerning the denied treatment option or benefit for the claimant's diagnosis, without regard to whether such advice or statement was relied upon in making the benefit determination."  29 C.F.R. § 2560.503-1(m)(8).   Section (b)(5) states: "the claims procedures contain administrative processes and safeguards designed to ensure and to verify that benefit claim determinations are made in accordance with governing plan documents and that, where appropriate, the plan provisions have been applied consistently with respect to similarly situated claimants."  Thus, the documents "relevant to" this claim include claim manuals, guidelines, protocols, correspondence, medical records, medical reviewer identification documents, medical reviewer reports, medical review contractual agreements and correspondence to and from medical reviewers, and internal review memos, emails, notes of participants in decision-making discussions, telephone, email and other logs and other documents.  This includes documents that the claim decision-makers had notice of, including, for example, social security documents and the Liberty Mutual disability claim file sponsored by Farmers Group, Inc.   Plaintiff contends that all such documents have not been provided by Defendants.

Defendants:  The defendants contend that the administrative record consists of only those "materials compiled by the administrator in the course of making his

decision." *Hall v. UNUM Life Ins. Co. of Am.*, 300 F.3d 1197, 1201 (10th Cir. 2002).

The defendants believe that all such documents – and many documents that are not

part of the record – have been provided to the plaintiff in response to her requests.

      a.     Deadline for submission of the Administrative Record or Index pursuant to

*Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973):  May 1, 2013.

      b.     Deadline for filing any Motion Requesting Discovery:  May 1, 2013.

      c.     Deadline for Filing a Motion to Supplement the Administrative Record:

July 15, 2013.

      d.     Deadline for filing Plaintiff's Opening Brief:  August 15, 2013.

      e.     Deadline for filing Defendants' Response Brief:  September 15, 2013.

      f.     Deadline for filing Plaintiff's Reply Brief and Joint Motion for

Determination:  October 5, 2013.

## 7.  CONFERENCES

The parties certify that they have discussed the possibilities for a prompt

settlement or resolution of the case by alternate dispute resolution.

*[The magistrate judge will complete this section at the scheduling conference if he or she has not already set deadlines by an order filed before the conference.]*

      a.     An early neutral evaluation will be held on _____ at _____ o'clock ___.m.

( )     Pro se parties and attorneys only need be present.

( )     Pro se parties, attorneys, and client representatives must be present.

( )     Each party shall submit a Confidential Statement to the magistrate judge on or before _____ outlining the facts and issues, as well as the strengths and weaknesses of their case.

     b.     Status conferences will held in this case at the following dates and times:

_____.

## 8. OTHER MATTERS

*[The following paragraphs shall be included in the scheduling order:]*

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any motion for withdrawal, motion for substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures established by the judicial officer presiding over the trial of this case.

In addition to filing an appropriate notice with the clerk's office, a *pro se* party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case.

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1D. by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

DATED this _____ day of_____, 20____.

                                                  BY THE COURT

                                    _____

                                    United States Magistrate Judge

APPROVED:


s/Michael S. Krieger                              s/David R. Hammond
Michael S. Krieger                                David R. Hammond
Michael S. Krieger, LLC                           Davis Graham & Stubbs LLP
165 South Union Boulevard, #555                   1550 Seventeenth Street, Suite 500
Lakewood, Colorado  80228                         Denver, Colorado  80202
303-781-5559                                      303-892-9400
m.krieger@comcast.net                             David.Hammond@dgslaw.com

Attorney for Plaintiff                            Attorney for Defendants Farmers Group,
                                                  Inc., a/k/a Farmers Insurance Company
                                                  and Farmers Group, Inc. Employees'
                                                  Pension Plan (collectively, "Farmers")